MILLE LACS IMPROVEMENT COMPANY *vs.* JOEL B. BASSETT and others.

### July 29, 1884.

**License to Maintain Sluice-Dam not Assignable.**—Under Sp. Laws 1881, c. 222, the power of the board of county commissioners of Mille Lacs county to license persons to exercise the special privileges thereby authorized, is special and limited, and to be strictly construed.    No power is conferred by the act upon the commissioners to delegate to those by them licensed the authority to substitute other grantees in their place; that is to say, the license is a privilege to be exercised by the licensees, and is not authorized to run to their assigns.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, sustaining a general demurrer to the complaint.    The action was brought to recover tolls, at the rate fixed by the commissioners of Mille Lacs county, under Sp. Laws 1881, c. 222, on logs of defendants floated by means of plaintiff's sluice-dam.

*Byrnes & Byrnes* and *C. H. Benton,* for appellant.

*Atwater & Hill* and *C. D. Kerr,* for respondents.

VANDERBURGH, J.    To be entitled to take tolls for sluicing logs through and beyond its dam on Rum river, in the county of Mille Lacs, plaintiff corporation must show a grant therefor from the legislature, and such grant is to be strictly construed as against the grantee.    The plaintiff rests its claim to this franchise upon an act of the legislature, approved March 7, 1881, (Sp. Laws 1881, c. 222;) and it is alleged in the complaint that in pursuance of this act the commissioners of Mille Lacs county granted to O. C. Merriman and others, and to their successors, survivors, heirs, and assigns, upon their application and after due notice, on the 24th day of July, 1882,

"the right, power, permission, and license to construct and maintain across and in Rum river, at a place described in such license, a sluice-dam for the raising of a head and supply of water sufficient to float and aid in driving logs, timber, and lumber in the stream below, together with the right to have and receive therefor as tolls, from the owners of logs so floated and driven, five cents for each and every thousand feet, board measure, so floated and aided in being driven." It also appears that the licensees thereupon constructed a sluice-dam pursuant to the terms of such license, and thereafter transferred and conveyed the dam, and land upon which the same was situated, with the appurtenances, to this plaintiff, and also assumed to grant and assign to the plaintiff all the powers and privileges obtained by virtue of the license given by the board of county commissioners under the special act of the legislature above referred to.

The defendants, whose logs were passed through the dam after it came into the plaintiff's possession, deny the right of plaintiff to exact tolls from them, and insist that, by the terms of the act in question, the authority of the board to license persons to exercise the special privilege conferred, is limited to those who should be specially selected as grantees thereof; and that no power was conferred upon the commissioners to delegate to those by them licensed the authority to substitute other grantees in their place. We have no doubt of the correctness of this construction of the statute. The language of the act is: "The board of county commissioners of Mille Lacs county may grant a license to any person applying therefor,  *  *  *  upon being satisfied," among other things, "that the applicants are proper persons," etc. The application was also required to be made after notice duly given and published, and we think a discretion was necessarily to be exercised by the board in the matter of granting or refusing a license to the parties applying. The board was acting under the special and limited authority conferred by the statute, beyond which it could not go. The right to exercise the franchise is therefore necessarily limited to those who should be licensed.

The plaintiff's claim is to recover the tolls fixed by the commissioners under the act in question, and not for the reasonable value of services rendered by them. And the fact that defendants suffered

these logs to be sluiced through the dam will not raise an *assumpsit* on their part to pay the tolls, nor preclude them from questioning the extent of plaintiff's authority under the legislative grant. *Chapman* v. *Colby*, 47 Mich. 46.

Order affirmed.